## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

                     :           **3:94-CR-139**

      **v.**

                     :          **(JUDGE MANNION)**

**RODNEY PRESSLER,**

                     :

      **Petitioner**

## MEMORANDUM

## I.    BACKGROUND

On August 1, 1994, Rodney Pressler pled guilty to armed bank robbery and interstate transportation of stolen property. The probation office prepared a presentence investigative report ("PSR") and Pressler was determined to be a "career offender" under U.S.S.G. §4B1.1 based on his prior Pennsylvania convictions in 1990 for a controlled substance offense and in 1992 for simple assault. (PSR ¶'s 35, 41 & 44). Pressler's sentencing Guideline range was 188 to 235 months based on a total offense level of 31 and a criminal history category of VI. (PSR ¶'s 35, 57 & 73).

On October 13, 1994, the court adopted the PSR and sentenced Pressler under the then mandatory career offender Guideline to an aggregate term of 204 months confinement followed by a five-year term of supervised release. (Doc. 17).

Pressler was released from confinement and began serving his 5-year term of supervised release in September of 2009.

In March of 2012, jurisdiction over Pressler was transferred to the

District Court for the Northern District of Florida.

In February of 2012, while still on supervised release, Pressler was arrested on state bank robbery and resisting arrest charges in Florida.

On February 4, 2014, Pressler pled guilty in state court to the bank robbery and resisting arrest charges and, he received a 10-year sentence of imprisonment.

On January 6, 2015, the District Court for the Northern District of Florida sentenced Pressler to 33 months confinement on his federal supervised release violation to be served consecutively to his state sentence, followed by a 24-month term of supervised release.

On October 6, 2017, petitioner Pressler filed, *pro se*, a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255, challenging the application of the mandatory career offender Guideline and requesting to be re-sentenced based on Johnson v. United States, — U.S. —, 135 S.Ct. 2551 (2015) (the Supreme Court found that the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under this clause violated due process), and Welch v. United States, — U.S. —, 136 S.Ct. 1257 (2016) (the Supreme Court held that its decision in Johnson was retroactive to cases on collateral review). (Doc. 23). Pressler claims that based on Johnson, the residual clause of the mandatory sentencing Guidelines' career offender provision is unconstitutionally vague. Thus, he claims that his 1994 federal sentence of a 204-month term of confinement followed by a 5-year term of supervised release should be

vacated. Subsequently, counsel was appointed to represent Pressler.

On November 30, 2017, the court granted the government's unopposed motion to stay this case pending a decision from the Third Circuit in the case of United States v. Green. (Doc. 29).

On August 8, 2018, Pressler notified the court that a precedential decision in United States v. Green, 898 F.3d 315 (3d Cir. 2018), was issued, and requested that the stay be extended while a petition for writ of *certiorari* with respect to the Green case was pending with the Supreme Court. The court extended the stay.

On April 15, 2019, the Supreme Court denied *certiorari* in Green, *see* Green v. United States, cert. denied, No. 18-8435, —— U.S. ——, —— S.Ct. ——, 2019 WL 1243704 (April 15, 2019), and Pressler notified the court on April 18, 2019. (Doc. 31).

On April 24, 2019, the court issued a briefing schedule. The court directed the parties to address the Green decision and its impact on Pressler's 28 U.S.C. §2255 motion. In particular, the court directed the parties to discuss whether Pressler's §2255 motion is timely under 2255(f)(3). Pressler filed his brief on May 10, 2019. (Doc. 33). The government filed its brief in opposition on May 24, 2019. (Doc. 34). On May 24, 2019, Pressler notified the court that he was not filing a traverse. (Doc. 35).

Based upon the court's review of the record in this case as well as the briefs of the parties, and in light of Green, Pressler's §2255 motion will be **DISMISSED AS UNTIMELY**.

3

## II.    DISCUSSION

At the time of Pressler's 1994 sentencing, the Guidelines were mandatory. *See* United States v. Wolfe, — Fed.Appx. —, 2019 WL 1894422, *1 (3d Cir. April 29, 2019) (citing Green, 898 F.3d at 320). Similar to the instant case, in Wolfe,"[petitioner] argue[d] that Johnson v. United States, [ ], renders the residual clause of the mandatory United States Sentencing Guidelines' career offender provision — pursuant to which he was sentenced — unconstitutionally vague." *Id*. In Wolfe, this court dismissed petitioner's §2255 motion as untimely, but issued a certificate of appealability since the Supreme Court did not decide the question of whether to apply the vagueness holding of Johnson to the mandatory Guidelines. *See*  United States v. Wolfe, 2018 WL 1474548 (M.D.Pa. March 26, 2018). In affirming Wolfe, the Third Circuit stated that "Wolfe's appeal raises the question whether the ruling in Johnson applies to the formerly mandatory Guidelines: specifically, the residual clause of §4B1.2(a)." The Court then stated that "[it] recently determined that a motion challenging the residual clause of the mandatory Guidelines based on Johnson is untimely. *Id*. (citing Green, 898 F.3d at 321-23). The Court in Wolfe, *id*. at *2, then declined to revisit its holding in Green and to allow the petitioner to proceed with his §2255 motion. The Court pointed out that since "Green has not been overruled by this Court en banc, or overruled or rejected by the Supreme Court, it [was binding on it]. *Id*.

The Court in Wolfe, *id*., then explained:

[P]ursuant to Green, we will affirm the District Court's dismissal of

4

Wolfe's motion as untimely. A defendant may file a 28 U.S.C. §2255 motion within a year of a series of dates, of which the most pertinent to this appeal are "the date on which the judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)(1), (3). Wolfe argued before the District Court and this Court that his motion, filed nearly fifteen years after the Supreme Court's October 1, 2001 denial of his petition for writ of certiorari, was timely under 28 U.S.C. §2255(f)(3), as it was filed within a year of Johnson. Because "Johnson did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines," Wolfe "cannot rely on 28 U.S.C. §2255(f)(3) to restart his applicable statute of limitations period," rendering his motion untimely. Green, 898 F.3d at 321.

In Green, 898 F.3d at 320-21, the Third Circuit found that "the holding in Johnson was limited to the residual clause of the ACCA, and that it did not recognize a broader right applicable to similar residual clauses such as the one in Section 4B1.2(a) of the [Sentencing] Guidelines." United States v. Moses, 2018 WL 4469500, *2 (W.D.Pa. Sept. 18, 2018). In Moses, id., the court then stated that "the Third Circuit found that [Green's] Section 2255 motion, although filed within a year of Johnson, was untimely under Section 2255(f)(3)."

The court in Moses, id. at *3, dismissed its petitioner's §2255 motion, which relied upon Johnson, as untimely and stated:

The issues here are precisely the same as in Green. Petitioner relies on Section 2255(f)(3) to establish the timeliness of his motion. The right he asserts is the right to challenge the residual clause of the mandatory Sentencing Guidelines on vagueness grounds under Johnson. As this Court is bound by Green, it finds here, as the Circuit Court did in that case, that Johnson

recognized no such right and that Petitioner cannot rely on Section 2255(f)(3) as the basis for filing his motion.

*See also* White v. United States, 2019 WL 652852, *2 n. 1 (D.N.J. Feb. 15, 2019) (court noted that "under the Third Circuit's decision in United States v. Green, 898 F.3d 315, 321-23 (3d Cir. 2018), White's petition could [ ] be dismissed as untimely because, as Beckles [v. U.S., 137 S.Ct. 886 (2017)] made clear that Johnson does not actually apply to the claim White seeks to assert, Johnson also does not function to trigger a new limitations period under 28 U.S.C. §2253(f)(3)."

In fact, in his brief, (Doc. 33 at 4-5), Pressler recognizes that in Green "[t]he Third Circuit has held that a motion raising a Johnson challenge to a sentence imposed under the mandatory guidelines is untimely", and that this court is bound by the Green decision. *See also* Wolfe, — Fed.Appx. —, 2019 WL 1894422, *1-*2.

Pressler asserts in his §2255 motion that it is timely since his claim is based on Johnson which was not decided until June 26, 2015 and was not made retroactive until April 18, 2016 in the Welch case. As such, Pressler is construed to contend, as Green contended, "that §2255(f)(3) applies, and that Johnson [and Welch] restarted his statute of limitations period by newly recognizing the right on which his [§2255] petition relies." Green, 898 F3d at 318.[1]

---

[1]The court notes that even if Johnson did constitute a newly recognized right to raise a constitutional challenge the mandatory Guidelines based on vagueness, Pressler's §2255 motion was not filed until two years and three

The Third Circuit's decisions in <u>Green</u> and <u>Wolfe</u> preclude Pressler's contention that his motion is timely under 28 U.S.C. §2255(f)(3) based on <u>Johnson</u> and <u>Welch</u>. *See* <u>Green</u>, 898 F.3d at 321; <u>Wolfe</u>, — Fed.Appx. —, 2019 WL 1894422, *2.

## III.  CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the court will not issue a COA because jurists of reason could not debate whether Pressler's motion was timely filed based on <u>Green</u> and <u>Wolfe</u>. *See* Slack, 529 U.S. at 484; *see also* <u>White</u>, *supra;* <u>Moses</u>, *supra.* In <u>Green</u>, the Third Circuit expressly held that a §2255 motion challenging the residual clause of the mandatory Guidelines based on <u>Johnson</u> was untimely. Thus, reasonable jurists could not debate

_____

months after <u>Johnson</u> was decided, and about 18 months after <u>Welch</u> was decided. Thus, Pressler's motion would still be untimely under 28 U.S.C. §2253(f)(3).

in the Third Circuit whether the rule in <u>Johnson</u> applies to mandatory Guidelines sentences. *See* <u>Green</u>, *supra*; <u>Wolfe</u>, *supra*.

## IV. CONCLUSION

Accordingly, petitioner Pressler's 28 U.S.C. §2255 motion to vacate, set aside or correct sentence, (Doc. 23), is **DISMISSED AS UNTIMELY**. However, as in <u>Wolfe</u>, the court will dismiss Pressler's motion without prejudice "to [his] ability to reassert the claim contained in [his §2255] motion in the event the Supreme Court announces that the pre-<u>Booker</u> mandatory sentencing guidelines are subject to a void for vagueness due process challenge." <u>Wolfe</u>, 2018 WL 1474548, *5 (quoting <u>Velazquez v. United States</u>, 2018 WL 704682, *3 n. 6 (M.D. Pa. Feb. 5, 2018)). The court will not issue a COA. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 29, 2019**

94-139-01.wpd

8